UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FRANK BLUE,

                    Plaintiff,                          Case No. 1:24-cv-511

v.                                                      Honorable Sally J. Berens

UNKNOWN BAILEY et al.,

                    Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (Comp., ECF No. 1, PageID.9.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Bailey and Burks. Additionally, the Court will dismiss for failure to state a claim Plaintiff's official capacity claims for monetary damages and injunctive relief and his personal capacity claims for injunctive relief against Defendants Fatoki, Unknown Party #1 named as Nurse Dave, Unknown Party #2 named as Nurse Karen, Hyun, Tober, Miller, Lange, and Bowman. Plaintiff's deliberate indifference personal capacity claims for monetary damages against Defendants Fatoki, Unknown Party #1 named as Nurse Dave, Unknown Party #2 named as Nurse Karen, Hyun, Tober, Miller, Lange, and Bowman remain in the case.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

The Court will serve the complaint against the remaining Defendants Fatoki, Unknown Party #1 named as Nurse Dave, Unknown Party #2 named as Nurse Karen, Hyun, Tober, Miller, Lange, and Bowman.

**Discussion**

## I.   Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred at the Berrien County Jail in St. Joseph, Berrien County, Michigan, when Plaintiff was confined as a pretrial detainee. Plaintiff sues Berrien County Sheriff Unknown Bailey, Lieutenant Unknown Burks, Doctor Unknown Fatoki, Unknown Party #1 named as Nurse Dave and Unknown Party #2 named as Nurse Karen, Lieutenant Unknown Hyun, and Deputies Unknown Tober, Unknown Miller, Unknown Lange, and Unknown Bowman. Plaintiff names Defendants in their individual and official capacities.

Plaintiff alleges that he was arrested on February 17, 2021. Plaintiff states that he had frostbite on his hands and feet to the point where he could not walk. (ECF No. 1, PageID.5.) Therefore, when Plaintiff arrived at the Berrien County Jail, he was taken to the hospital for treatment. (*Id.*) Plaintiff states that he received treatment and had follow-up appointments scheduled with the doctor, who told Plaintiff that when he was released, he needed to be seen by a neurologist because Plaintiff had been born with spina bifida and would suffer from complications. (*Id.*) Plaintiff states that since he was not able to post bond, he had to rely on the jail medical staff. (*Id.*)

Plaintiff wrote to medical requesting to be seen by a neurologist and to receive an MRI and EMG because he was continuing to experience pain in his feet, toes, legs, and back. (*Id.*) Plaintiff's requests for medical attention were ignored or denied by Defendant Fatoki. In addition, Defendant

4

Fatoki ordered that Plaintiff's wheelchair be removed after other inmates told him that Plaintiff was walking and running in the gym, which was false. (*Id.*, PageID.4-5.) Plaintiff claims that Defendants Hyun and Miller were the first to take the wheelchair away from him and were very aggressive about it. (*Id.*, PageID.4.) Defendant Fatoki also lied and said that he gave Plaintiff leg braces. (*Id.*, PageID.5.) Consequently, Plaintiff had to scoot and crawl on the floor in order to get around the jail, including going to appointments with the public defender, medical and psych appointments, for shakedowns, and to the gym for nearly three months. (*Id.*)

Plaintiff contends that Defendants Nurse Dave and Nurse Karen would order guards to take the wheelchair away from Plaintiff when doing medication rounds. (*Id.*) Defendants Tober, Lange, and Bowman all made Plaintiff crawl to and from medical and psych visits. (*Id.*, PageID.4) Plaintiff was finally given his wheelchair back on September 24, 2021. (*Id.*, PageID.5-6.)

Plaintiff was sent to prison for resisting arrest on October 12, 2021, and was scheduled for an EMG test, which he finally received on March 30, 2022. (*Id.*, PageID.6.) Plaintiff states that the EMG showed that he had nerve damage. Plaintiff was diagnosed with polyneuropathy but was denied an MRI from the prison doctor in Saginaw even though he had been told that he would have an MRI pending his EMG results. (*Id.*) When Plaintiff was released on September 8, 2022, Plaintiff had an MRI which showed that he had an abnormal curve in his spine. (*Id.*)

Plaintiff asserts that Defendants Bailey and Burks ignored his complaints and grievances regarding the way he was treated at the jail. (*Id.*, PageID.4.)

Plaintiff states that Defendants acted with deliberate indifference to his medical needs and seeks injunctive relief and damages.

## II.     Class action

In Plaintiff's claim for relief, he makes a conclusory assertion that he would like this case to be treated as a class action lawsuit for "all other humans being mistreated inside the Berrien

County Jail." (*Id.*, PageID.9.) The purposes of class action suits are judicial economy and the opportunity to bring claims that would not be brought absent the class action because it might not be economically feasible to bring them as individual claims. *See Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 650 (6th Cir. 2006). Federal Rule of Civil Procedure 23, which governs class certification, provides that:

> One or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder . . . is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The four prerequisites for class certification are respectively referred to as "numerosity, commonality, typicality, and adequacy of representation." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010); *see also*, *Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006).

Thus, for a case to proceed as a class action, the Court must be satisfied on the grounds enumerated above, including the adequacy of class representation. *See* Fed. R. Civ. P. 23(a)(4). Plaintiff bears the burden of establishing the right to class certification. *See In re Am. Med. Sys.*, 75 F.3d 1069, 1086 (6th Cir. 1996).

In *Brooks v. Washington*, No. 21-2639, 2022 WL 22629162 (6th Cir. Mar. 30, 2022), the Sixth Circuit Court of Appeals upheld this Court's denial of a class certification motion based on the inadequacy of a pro se prisoner's representation of the class:

> Federal Rule of Civil Procedure 23(a)(4) generally does not permit pro se plaintiffs without legal training to serve as class representatives. *See also Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (holding that pro se litigants are "inadequate class representatives"); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (holding that "[p]ro se prisoners generally may not bring class action lawsuits concerning prison conditions"). Because Brooks and his co-plaintiffs are incarcerated prisoners lacking legal training, the district court did not abuse its discretion by denying class certification.

*Brooks*, 2022 WL 22629162, at *1; *see also Gallant v. Holdren*, No. 19-3400, 2020 WL 9349975, at *2 (6th Cir. June 2, 2020) (noting that "[w]e have 'repeatedly held that pro se prisoner litigants are inadequate class representatives.'" (quoting *Garrison*)). Because Plaintiff is an incarcerated pro se litigant and has offered the Court no facts to suggest that he has legal training, the Court finds that he is not an appropriate representative of a class. Therefore, the Court will deny Plaintiff's request for class certification.

## III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A.      Deliberate Indifference to a Serious Medical Need

As noted above, Plaintiff was a pretrial detainee during the pertinent time period. Pretrial detainees "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, the limitations on punishment that appear in the Eighth Amendment do not apply to pretrial detainees. Instead, pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment. The protections against any punishment for pretrial detainees under the Fourteenth Amendment Due Process Clause are considered to be at least coterminous with the Eighth Amendment protections against cruel and unusual punishment for convicted prisoners. *See, e.g., Whitley v. Albers*, 475 U.S. 312, 327 (1986); *Barber v. City of Salem*, 953 F.2d 232, 235 (6th Cir. 1992) *abrogation on other grounds recognized*, *Lawler ex rel. Lawler v. Hardeman Cnty.*, 93 F.4th 919, 927 (6th Cir. 2024); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)). Thus, the Court is guided by Eighth Amendment principles in considering Plaintiff's claim that Defendants acted with deliberate indifference to his serious medical needs.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

In this case, Plaintiff claims that Defendants Fatoki, Unknown Parties #1 and #2, Hyun, Tober, Miller, Lange, and Bowman were all personally involved in depriving Plaintiff of the use of a wheelchair despite his obvious inability to walk and that this resulted in him having to crawl to appointments. The Court concludes that although Plaintiff's allegations are largely conclusory, at this point in the litigation, they are sufficient to implicate Due Process.

However, with regard to Defendants Bailey and Burks, the Court notes that Plaintiff merely asserts that they ignored his complaints and grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567,

9

575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts showing that Defendants Bailey and Burks encouraged or condoned the conduct of their subordinates, or authorized, approved or knowingly acquiesced in the conduct. Indeed, he fails to allege any facts at all about their conduct. His vague and conclusory allegations of supervisory responsibility are insufficient to demonstrate that Defendants were personally involved in the events of which Plaintiff complains. Conclusory allegations of

10

unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Because Plaintiff's claims against Defendants Bailey and Burks appear to be premised on nothing more than respondeat superior liability, his claims against them fail to state a claim.

### B.    Official Capacity Claims for Monetary Relief

Plaintiff brings constitutional claims against Defendants in both their personal and official capacities. Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a Section 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

11

Here, Plaintiff explicitly states that he is seeking "monetary damages." (Compl., ECF No. 1, PageID.9.) Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court, therefore, will dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities.

Plaintiff also seeks injunctive relief. (*Id.*) An official capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). Importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). In *Green v. Mansour*, 474 U.S. 64 (1985), the Supreme Court explained why the doctrine of *Ex parte Young* could not be extended to authorize retrospective relief:

> Both prospective and retrospective relief implicate Eleventh Amendment concerns, but the availability of prospective relief of the sort awarded in *Ex parte Young* gives life to the Supremacy Clause. Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. *See Pennhurst, supra*, 465 U.S. at 102. *See also Milliken v. Bradley*, 433 U.S. 267 (1977). But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.

*Id.* at 68.

Plaintiff's complaint does not allege facts that show the named Defendants are engaged in ongoing violations of federal law. Plaintiff is no longer at the facility where Defendants are employed. For that reason, the injunction that Plaintiff seeks against these Defendants can only be described as retrospective; it is in no way prospective. Such a retrospective request does not fit within the *Ex parte Young* exception to sovereign immunity. Accordingly, Plaintiff's claims for

injunctive relief against Defendants in their respective official capacities are also properly dismissed.

### C.    Injunctive Relief against Defendants in their Respective Personal Capacities

The Sixth Circuit has held that transfer to another correctional facility moots a prisoner's injunctive and declaratory claims. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained). Here, Plaintiff is no longer confined at the Berrien County Jail, which is where he avers that Defendants are employed. Thus, Plaintiff cannot maintain his claims for injunctive relief against Defendants.

### <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Bailey and Burks will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Additionally, Plaintiff's official capacity claims for monetary damages and injunctive relief and his personal capacity claims for injunctive relief against Defendants Fatoki, Unknown Party #1 named as Nurse Dave, Unknown Party #2 named as Nurse Karen, Hyun, Tober, Miller, Lange, and Bowman will be dismissed for failure to state a claim. Plaintiff's deliberate indifference personal capacity claims for monetary damages against Defendants Fatoki, Unknown Party #1 named as Nurse Dave, Unknown Party #2 named as Nurse Karen, Hyun, Tober, Miller, Lange, and Bowman remain in the case. The Court will serve the complaint against Defendants Fatoki, Unknown Party #1, Unknown Party #2, Hyun, Tober, Miller, Lange, and Bowman.

An order consistent with this opinion will be entered.

Dated:   August 15, 2024                          /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  United States Magistrate Judge

13