UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK BLUE JR. #790533,

    Plaintiff,

v.                                                                                                     Hon. Hala Y. Jarbou

UNKNOWN BAILEY, et al.,                                  Case No. 1:24-cv-511

    Defendants.

## REPORT AND RECOMMENDATION

On May 19, 2025, the Clerk mailed a copy of the May 16, 2025 Order Reopening Case and Lifting Stay (ECF No. 29) to Plaintiff. On May 20, 2025, the Clerk mailed a copy of the May 19, 2025 Case Management Order, and Notice to Defendants Regarding Consent (ECF Nos. 30, 31) to Plaintiff. The mailings were not deliverable because Plaintiff has not provided the Court with an updated address. (ECF Nos. 33, 34.)

For the reasons discussed below, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 41(b), and W.D.Mich. LCivR. 41.1, I recommend that **the present action be dismissed for Plaintiff's failure to prosecute**.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint or any particular claims. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Based on these factors, I recommend that Plaintiff's claims be dismissed. Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." As mentioned above, mail addressed to Plaintiff has been returned because Plaintiff has not provided the Court with his correct mailing address. This is a willful failure by Plaintiff that prejudices Defendants' ability to defend against Plaintiff's claims and hinders the Court's ability to effectively manage its docket. While Plaintiff has not previously been warned by the Court that dismissal of his claims might result from his failure to comply with the Court's rule, this Recommendation will serve as a warning and affords Plaintiff an opportunity to contest the recommendation that dismissal is appropriate.

## CONCLUSION

For the reasons articulated herein, I recommend that this action be dismissed with prejudice for Plaintiff's failure to prosecute. Timely objections to this Report and Recommendation shall be considered Plaintiff's opportunity to show cause why this matter should not be dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

2

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: June 10, 2025                              /s/ Sally J. Berens
                                                                           SALLY J. BERENS
                                                                           U.S. Magistrate Judge